# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES A. POMPOS, | : | |
| Plaintiff, | : | Case No.  3:13cv00208 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| COMMUNITY HEALTH CENTERS OF GREATER CINCINNATI, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Charles Pompos filed a *pro se* civil Complaint in the Montgomery County, Ohio Court of Common Pleas. Defendants removed the case to this Court based on the Court's federal question jurisdiction under 28 U.S.C. §1331.

Plaintiff's Complaint refers to medical malpractice and concerns pain medication prescribed to him by Defendant Suzann K. Franer, D.O., during his first visit to Defendant Community Health Centers of Greater Dayton and Defendant Corwin Nixon Health Center. (Doc. #2, PageID at 21). Plaintiff alleges that Dr. Franer prescribed Vicodin to him when she never should have. He further alleges, "[A]s a direct consequence of the actions of Defendants..., and its re[p]resentative Dr. Suzanne K.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Franer's willful neglect, and her malicious disregard in not following the guid[e]lines set forth in and by Defendants['] medical practice. The damage has a direct result of leading to the subsequent incarceration and confinement of Plaintiff...." (Doc. #2, PageID at 23-24). He seeks to recover $300,000.00 in compensatory damages and $750,000.00 in punitive damages.

Plaintiff states that he is an inmate at the North Central Corrections Institution in Marion, Ohio. The Court takes judicial notice of the public records maintained by the Clerk of Court, Montgomery County, Ohio. *See* Fed. R. Evid. 201. Those records establish that when Plaintiff filed this civil action in state court, he was in state custody at the North Central Corrections Institution due to his guilty plea and resulting conviction on a charge of Deception to Obtain Dangerous Drug in violation of Ohio Rev. Code §2925.22(A). *See* http://www.clerk.co.montgomery.oh.us (*State of Ohio v. Charles Pompos*, Case No. 2011cr01222). Since filing this civil case, however, Plaintiff has served his six-month sentence and has been released from state custody. *See id*. His current address, which he updated in this case, indicates that he is now a resident of Dayton, Ohio.

This case is presently before the Court upon Plaintiff's Motion for Default Judgment (Doc. #5), Plaintiff's Motion to Return Case to Montgomery County Court of Common Pleas (Doc. #6), Defendants' Response (Doc. #9), Defendants' Motion to Dismiss (Doc. #10), and the record as a whole. The Court provided Plaintiff with notice of Defendants' Motion to Dismiss, the specific response deadline, and the possibility that

2

his case may be dismissed in the event he does not respond. (Doc. #11). Despite that Notice, Plaintiff has not responded to Defendants' Motion to Dismiss.

Plaintiff contends that this case should be remanded to state court because both he and Dr. Franer are citizens of Ohio and, consequently, the Court lacks diversity jurisdiction under 28 U.S.C. §1332. While Plaintiff appears correct that this Court would lack diversity jurisdiction due to the lack of complete diversity of citizenship between the parties, *see Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999), the Court has federal-question jurisdiction over this case under 28 U.S.C. §1331. By raising claims against Dr. Franer, Plaintiff's Complaint effectively raises a claim against the United States Government. The United States Attorney for the Southern District of Ohio has certified that Dr. Franer acted within the scope of her federal employment during the time frame at issue in Plaintiff's Complaint. (Doc. #8, PageID at 46-49). "Under the Westfall Act, the 'certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.'" *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002) (quoting, in part, 28 U.S.C. § 2679(d)(2)). Consequently, in the absence of any response by Plaintiff to the United States Government's substitution (Doc. #8) or to the Government's Motion to Dismiss, substitution of the Government is proper. *See Singleton*, 277 F.3d at 871-72.

This, in turn, means that Plaintiff's Complaint against Dr. Franer, and hence the Government, involves a federal question under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§1346(a)(2), 2674, 2679; *see also Singleton*, 277 F.3d at 872. Given this

3

FTCA claim against the Government, Defendants' removal of this case based on the Court's federal-question jurisdiction was not only proper under 28 U.S.C. §1331, it was needed because "the federal district courts have <u>exclusive</u> jurisdiction over civil actions involving claims against the United States subject to the provisions of the FTCA." *Singleton*, 277 F.3d at 872 (citing 28 U.S.C. § 1346(b)(1)) (emphasis added). Accordingly, Plaintiff's contention that removal of this action from state court was improper lacks merit.

The United States contends that dismissal of this case is warranted because Plaintiff has failed to pursue his administrative remedies as the FTCA requires. This contention is well taken.

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail....

28 U.S.C.A. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 1983 (1993); *see also Delory v. U.S. Postal Serv*., 3:11cv000449, 2012 WL 1678980 at *3 (S.D. Ohio May 14, 2012) (Rose, D.J.). Due to the lack of any response by Plaintiff to the Government's Motion to Dismiss, the record conclusively establishes that neither he nor his authorized representative has submitted an administrative claim with the U.S. Department of Health & Human Services concerning the matters addressed in his Complaint. *See* Doc. #10, PageID at 80, 83-84. Consequently, although removal of this

4

case was proper, Plaintiff's failure to exhaust his administrative remedies deprives this Court of subject matter jurisdiction over Plaintiff's claims against the Government, the Community Health Centers of Greater Dayton, and the Corwin Nixon Health Center. *See, e.g., Singleton*, 277 F.3d at 873; *Rector v. United States*, 243 Fed. App'x 976, 980 (6th Cir. 2007); *Allison v. Gay*, 50 Fed. App'x 719, 720-21 (6th Cir. 2002). Dismissal is therefore warranted under Fed. R. Civ. P. 12(b)(1).

Accordingly, the Government's Motion to Dismiss is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Return Case to Montgomery County Court of Common Pleas (Doc. #6) be DENIED;

2. Defendants' Motion to Dismiss (Doc. #10) be GRANTED;

3. Plaintiff's Motion for Default Judgment (Doc. #5) be DENIED as moot; and

4. The case be terminated on the docket of the Court.


August 28, 2013                                            s/Sharon L. Ovington
                                                     Sharon L. Ovington
                                           Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).