# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES A. POMPOS, | : | |
| Plaintiff, | : | Case No. 3:13cv00208 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| COMMUNITY HEALTH CENTERS OF GREATER CINCINNATI, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Charles Pompos filed a *pro se* civil Complaint in the Montgomery County, Ohio Court of Common Pleas. Defendants removed the case to this Court based on the Court's federal question jurisdiction under 28 U.S.C. §1331.

Plaintiff's Complaint refers to medical malpractice and concerns pain medication prescribed to him by Defendant Suzann K. Franer, D.O. during his first visit to Defendant Community Health Centers of Greater Dayton and Defendant Corwin Nixon Health Center. (Doc. #2, PageID at 21). Plaintiff alleges that Dr. Franer prescribed Vicodin to him when she never should have. In his Response in opposition to Defendants' Motion to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Dismiss, Plaintiff alleges that Dr. Franer prescribed him a one-month supply of Vicodin when he only needed an eight-day supply. (Doc. #13, PageID at 93). He further alleges, "[A]s a direct consequence of the actions of Defendants..., and its re[p]resentative Dr. Suzanne K. Franer's willful neglect, and her malicious disregard in not following the guid[e]lines set forth in and by Defendants['] medical practice. The damage has a direct result of leading to the subsequent incarceration and confinement of Plaintiff...." (Doc. #2, PageID at 23-24). His Complaint seeks to recover $300,000.00 in compensatory damages and $750,000.00 in punitive damages. *Id.*, PageID at 24.

When Plaintiff filed his Complaint, he was an inmate at the North Central Corrections Institution in Marion, Ohio. The Court takes judicial notice of the public records maintained by the Clerk of Court, Montgomery County, Ohio. *See* Fed. R. Evid. 201. Those records confirm that Plaintiff was in state custody serving a six-month sentence due to his guilty plea and resulting conviction on a charge of Deception to Obtain Dangerous Drug in violation of Ohio Rev. Code §2925.22(A). *See* http://www.clerk.co.montgomery.oh.us (*State of Ohio v. Charles Pompos*, Case No. 2011cr01222). Since filing this civil case, however, Plaintiff has served his six-month sentence and has been released from state custody. *See id*. His current address, which he updated in this case, indicates that he is now a resident of Dayton, Ohio.

This case is presently before the Court upon Plaintiff's Motion for Default Judgment (Doc. #5), Plaintiff's Motion to Return Case to Montgomery County Court of Common Pleas (Doc. #6), Defendants' Response (Doc. #9), Defendants' Motion to

2

Dismiss (Doc. #10), Plaintiff's "Answer to Response of Defendants, 'Motion to Dismiss' and 'Motion For Default Judgment'" (Doc. #13), and the record as a whole.

Plaintiff contends that this case should be remanded to state court because both he and Dr. Franer are citizens of Ohio and, consequently, the Court lacks diversity jurisdiction under 28 U.S.C. §1332. While Plaintiff appears correct that this Court would lack diversity jurisdiction due to the lack of complete diversity of citizenship between the parties, *see Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999), the Court has federal-question jurisdiction over this case under 28 U.S.C. §1331. By raising claims against Dr. Franer, Plaintiff's Complaint effectively raises a claim against the United States Government. The United States Attorney for the Southern District of Ohio has certified that Dr. Franer acted within the scope of her federal employment during the time frame at issue in Plaintiff's Complaint. (Doc. #8, PageID at 46-49). "Under the Westfall Act, the 'certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.'" *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002) (quoting, in part, 28 U.S.C. § 2679(d)(2)). Plaintiff has not offered any allegations (or evidence) that, when accepted as true, would rebut the Attorney General's certification. *See* Doc. #s 2, 5, 6, 13. As a result, the certification establishes that Dr. Franer acted within the scope of her federal employment when she prescribed medication for, or otherwise treated, Plaintiff. *See Singleton*, 277 F.3d at 870-72.

This, in turn, means that Plaintiff's Complaint against Dr. Franer, and hence the

3

Government, asserts a federal claim under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§1346(a)(2), 2674, 2679; *see also Singleton*, 277 F.3d at 872. Given this FTCA claim against the Government, Defendants' removal of this case based on the Court's federal-question jurisdiction under 28 U.S.C. §1331 was not only proper, *see* 28 U.S.C. §§ 1441, 1442, it was needed because "the federal district courts have <u>exclusive</u> jurisdiction over civil actions involving claims against the United States subject to the provisions of the FTCA." *Singleton*, 277 F.3d at 872 (citing 28 U.S.C. § 1346(b)(1)) (emphasis added).

      Plaintiff contends that Defendant Community Health Centers of Greater Cincinnati receives only a small amount of federal funding and that other non-federal sources of funding support them, including local agencies, the State of Ohio, private insurers, personal checks, "and plain old United States legal tender." (Doc. #13, PageID at 93). This argument misses the effect the Westfall Act extends to the Attorney General's certification that Dr. Franer was acting within the scope of her federal employment and the resulting FTCA claim against the Government. In light of the Westfall Act's effect, and because Dr. Franer was working within the scope of her employment, the fact that Defendant Community Health Centers receives some or much of its funding from non-federal sources is immaterial to this Court's jurisdiction over Plaintiff's FTCA claim. *See Singleton*, 277 F.3d at 872-73.

      The United States contends that dismissal of this case is warranted because Plaintiff has failed to pursue his administrative remedies as the FTCA requires. This

contention is well taken.

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail....

28 U.S.C.A. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 1983 (1993); *see also Delory v. U.S. Postal Serv.*, 3:11cv000449, 2012 WL 1678980 at *3 (S.D. Ohio May 14, 2012) (Rose, D.J.).

Plaintiff's Complaint, motions, and memoranda do not describe acts taken by him in pursuit of his administrative remedies. *See* Doc. #s 2, 5, 6, 13. He instead argues that he could have filed this case either in state court (the Montgomery County, Ohio Court of Common Pleas) or in federal court. (Doc. #13, PageID at 94-95). Although Plaintiff did, in fact, file his Complaint in state court, the Government properly removed the case to this Court due to the plain and unambiguous language of 28 U.S.C. §1346(b)(1), which extends exclusive jurisdiction to the United States District Court over FTCA claims. *See Singleton*, 277 F.3d at 872. Because of the exclusive nature of this Court's jurisdiction over Plaintiff's Complaint, the Montgomery County Court of Common Pleas did not have subject matter jurisdiction over Plaintiff's Complaint once the federal Defendants properly removed it to this Court.

Plaintiff's failure to exhaust his administrative remedies deprives this Court of subject matter jurisdiction over Plaintiff's claims against the Government, the Community

Health Centers of Greater Dayton, and the Corwin Nixon Health Center. *See, e.g., Singleton*, 277 F.3d at 873; *Rector v. United States*, 243 Fed. App'x 976, 980 (6th Cir. 2007); *Allison v. Gay*, 50 Fed. App'x 719, 720-21 (6th Cir. 2002). Dismissal is therefore warranted under Fed. R. Civ. P. 12(b)(1).

Accordingly, the Government's Motion to Dismiss is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Return Case to Montgomery County Court of Common Pleas (Doc. #6) be DENIED;

2. Defendants' Motion to Dismiss (Doc. #10) be GRANTED;

3. Plaintiff's Motion for Default Judgment (Doc. #5) be DENIED as moot;[2] and

4. The case be terminated on the docket of the Court.

October 2, 2013

                                                 s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                       Chief United States Magistrate Judge

---

[2] Plaintiff's request for default judgment in his Response to Defendants' Motion to Dismiss (Doc. #13, PageID at 96-97) will also be moot, in the event this Report and Recommendations is adopted.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).